# EXHIBIT 1

SUM-100

# AMENDED SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MARKETSOURCE, INC., d/b/a MARYLAND MARKETSOURCE, INC., a Maryland corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RAY DELGADO, as an individual and on behalf of all others similarly situated,

---

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
12/1/2017 11:18 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV319866
Reviewed By: R. Walker

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER *(Número del Caso):*  17CV319866

Superior Court of California, County of Santa Clara
191 N. First Street, San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Larry W. Lee (SBN 228175)/Diversity Law Group,515 S. Figueroa St. #1250,LA, CA 90071,213-488-6555

| DATE: *(Fecha)* 12/1/2017 11:18 AM | Clerk of Court | Clerk, by *(Secretario)* R. Walker | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Marketsource Inc, d/b/a Maryland Marketsource, Inc, a Maryland corporation

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 12/1/17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**AMENDED SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

E-FILED
11/30/2017 12:48 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV319866
Reviewed By: R. Walker

1  Larry W. Lee (State Bar No. 228175)
2  Kristen M. Agnew (State Bar No. 247656)
   Nick Rosenthal (State Bar No. 268297)
3  **DIVERSITY LAW GROUP, P.C.**
   515 South Figueroa Street, Suite 1250
4  Los Angeles, California 90071
5  (213) 488-6555
   (213) 488-6554 facsimile
6
7  William L. Marder (State Bar No. 170131)
   **Polaris Law Group LLP**
8  501 San Benito Street, Suite 200
   Hollister, California 95023
9  (831) 531-4214
   (831) 634-0333 facsimile
10
11 Attorneys for Plaintiff and the Class

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA
13                  FOR THE COUNTY OF SANTA CLARA
14

15 RAY DELGADO, as an individual and on          Case No.: **17CV319866**
16 behalf of all others similarly situated,
                                                 **CLASS AND REPRESENTATIVE**
17              Plaintiffs,                       **ACTION COMPLAINT FOR DAMAGES**
                                                 **FOR:**
18         vs.
                                                 **(1) VIOLATION OF CAL. LABOR**
19 MARKETSOURCE, INC., d/b/a                      **CODE § 226(a)**
   MARYLAND MARKETSOURCE, INC., a
20 Maryland corporation; and DOES 1 through       **(2) VIOLATION OF CAL. LABOR**
   50, inclusive,                                 **CODE §§ 201 & 203**
21
22              Defendants.                       **(3) VIOLATION OF CAL. LABOR**
                                                 **CODE § 2698, *ET SEQ.***
23
24
25
26         Plaintiff RAY DELGADO ("Plaintiff") hereby submits this Class and Representative
27 Action Complaint ("Complaint") against Defendant MARKETSOURCE, INC., d/b/a
28 MARYLAND MARKETSOURCE, INC. ("Defendant") and DOES 1-50 (hereinafter

1  collectively referred to as "Defendants"), on behalf of himself and a class of all other similarly
2  situated current and former employees of Defendants for penalties and/or damages for failure to
3  provide accurate itemized wage statements, and for failure to pay all earned wages to discharged
4  employees immediately upon termination as follows:

## INTRODUCTION

6      1.      This class action is within the Court's jurisdiction under California Labor Code §§
7  201, 203, 226, and 2698, *et seq.*, and the applicable Wage Orders of the California Industrial
8  Welfare Commission ("IWC").

9      2.      This complaint challenges systemic illegal employment practices resulting in
10  violations of the California Labor Code against Plaintiff individually and against other
11  individuals who worked for Defendant.

12     3.      Plaintiff is informed and believes, and based thereon alleges, that Defendant acted
13  intentionally and with deliberate indifference and conscious disregard to the rights of all
14  employees in receiving complete and accurate wage statements, and timely payment of final
15  wages.

16     4.      Plaintiff is informed and believes, and based thereon alleges, that Defendant
17  engaged in, among other things, a system of willful violations of the California Labor Code and
18  the applicable IWC Wage Orders by creating and maintaining policies, practices and customs
19  that knowingly deny employees the above stated rights and benefits.

## JURISDICTION AND VENUE

21     5.      The Court has jurisdiction over the violations of California Labor Code §§ 201,
22  203, 226, and 2698, *et seq.*

23     6.      Venue is proper in Santa Clara County because Defendant does business in Santa
24  Clara County and Plaintiff worked for Defendant in Santa Clara County.

## PARTIES

26     7.      Plaintiff worked for Defendant as a District Manager from on or about April 3,
27  2013, to on or about April 18, 2017.

28

2

CLASS ACTION COMPLAINT

8.      Plaintiff was and is the victim of the policies, practices, and customs of Defendant complained of in this action in ways that have deprived him of the rights guaranteed by California Labor Code §§ 201, 203, 226, and 2698, *et seq.*

9.      Plaintiff is informed and believes, and based thereon alleges, that Defendant was and is a Maryland corporation doing business in the State of California and in the county of Santa Clara.

10.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendant and Does 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.  As such, and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to California Labor Code §§ 201, 203, 226, and 2698, *et seq.*

11.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as Does 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

12.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendant; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

13.     Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venture of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of

CLASS ACTION COMPLAINT

1    the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting

2    Defendants.

3       14.    At all times herein mentioned, Defendants, and each of them, were members of,

4    and engaged in, a joint venture, partnership and common enterprise, and acting within the course

5    and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

6       15.    At all times herein mentioned, the acts and omissions of various Defendants, and

7    each of them, concurred and contributed to the various acts and omissions of each and all of the

8    other Defendants in proximately causing the injuries and damages as herein alleged. At all times

9    herein mentioned, Defendants, and each of them, ratified each and every act or omission

10    complained of herein. At all times herein mentioned, the Defendants, and each of them, aided

11    and abetted the acts and omissions of each and all of the other Defendants in proximately causing

12    the damages as herein alleged.

13 **CLASS ACTION ALLEGATIONS**

14       16.    **Definition:** The named individual Plaintiff seeks class certification, pursuant to

15    California Code of Civil Procedure section 382, of the following Classes:

16           a.    All current and former employees who worked for Defendant in the State of

17               California at any time from November 30, 2016, to the present (the "Wage

18               Statement Class").

19           b.    All former employees of Defendant in the State of California whose

20               employment was involuntarily terminated by Defendant at any time from

21               November 30, 2014, to the present (the "Final Wages Class").

22       17.    **Numerosity and Ascertainability:** The members of the Class are so numerous

23    that joinder of all members would be impractical, if not impossible. The identity of the members

24    of the Class is readily ascertainable by review of Defendant's records, including payroll records.

25    Plaintiff is informed and believes, and based thereon alleges, that Defendant: (a) failed to provide

26    accurate itemized wage statements in violation of Labor Code § 226(a), and (b) failed to pay all

27    earned wages to employees immediately upon termination in violation of Labor Code §§ 201 and

28    203.

4

**CLASS ACTION COMPLAINT**

18.     **Adequacy of Representation**:  The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorney is ready, willing and able to fully and adequately represent the class and the individual Plaintiff.  Plaintiff's attorney has prosecuted and settled employment class actions in the past and currently has a number of employment class actions pending in California state and federal courts.

19.     Defendant uniformly administered a corporate policy and practice of: (a) failing to provide employees with accurate itemized wage statements in violation of Labor Code § 226(a), and (b) failing to pay all wages owed and due to employees immediately upon termination in violation of Labor Code §§ 201 and 203.

20.     Plaintiff is informed and believes, and based thereon alleges, that Defendant had a consistent and uniform policy, practice and procedure of willfully failing to comply with Labor Code §§ 201, 203, 226(a), and 2698, *et seq.*

21.     **Common Question of Law and Fact**:  There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendant's policy and practice of: (a) failing to provide accurate itemized wage statements in violation of Labor Code § 226(a), and (b) failing to pay all wages owed and due to employees immediately upon termination in violation of Labor Code §§ 201 and 203.

22.     **Typicality**:  The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical manner as the Class members.  As with other employees, Plaintiff was not provided with accurate wage statements that identified his employee identification number or the last four digits of his social security number as required by Labor Code § 226(a).  Additionally, the wage statements issued to Plaintiff failed to separate all deductions, including taxes, in violation of Labor Code § 226(a). Instead, all deductions were aggregated on the wage statements he received.  Plaintiff was also a victim of Defendant's violations of Labor Code §§ 201 and 203.  Specifically, Plaintiff did not receive his final wages immediately upon termination.  To the contrary, Defendant decided to pay Plaintiff his final wages the day following his termination via direct deposit.  Given that

5

1  Defendant willfully failed to pay Plaintiff and Class Members all wages owed immediately upon

2  termination, Defendant is liable for waiting time penalties pursuant to Labor Code §§ 201 and

3  203.  Therefore, Plaintiff is a member of the Class and has suffered the alleged violations of

4  Labor Code §§ 201, 203, 226(a), and 2698, *et seq.*

5       23.    The California Labor Code upon which Plaintiff bases these claims is broadly

6  remedial in nature.  These laws and labor standards serve an important public interest in

7  establishing minimum working conditions and standards in California.  These laws and labor

8  standards protect the average working employee from exploitation by employers who may seek

9  to take advantage of superior economic and bargaining power in setting onerous terms and

10  conditions of employment.

11       24.    The nature of this action and the format of laws available to Plaintiff and

12  members of the class identified herein make the class action format a particularly efficient and

13  appropriate procedure to redress the wrongs alleged herein.  If each employee were required to

14  file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage since

15  it would be able to exploit and overwhelm the limited resources of each individual plaintiff with

16  their vastly superior financial and legal resources.  Requiring each Class member to pursue an

17  individual remedy would also discourage the assertion of lawful claims by employees who

18  would be disinclined to file an action against their former and/or current employer for real and

19  justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

20       25.    The prosecution of separate actions by the individual Class members, even if

21  possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect

22  to individual Class members against the Defendant and which would establish potentially

23  incompatible standards of conduct for the Defendant, and/or (b) adjudications with respect to

24  individual Class members which would, as a practical matter, be dispositive of the interest of the

25  other Class members not parties to the adjudications or which would substantially impair or

26  impede the ability of the Class members to protect their interests.  Further, the claims of the

27  individual members of the Class are not sufficiently large to warrant vigorous individual

28  prosecution considering all of the concomitant costs and expenses.

6

26.     Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 201, 203, 226, 2698, and Code of Civil Procedure § 1021.5.

27.     Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

28.     The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendant.  The Class is commonly entitled to restitution of those funds being improperly withheld by Defendant.  This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

### FIRST CAUSE OF ACTION
### VIOLATION OF LABOR CODE § 226(a)
### (BY PLAINTIFF AND THE WAGE STATEMENT CLASS AGAINST ALL DEFENDANTS)

29.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

30.     Defendants failed in their affirmative obligation to provide accurate itemized wage statements as required by Labor Code § 226(a).  Specifically, Defendants violated Labor Code § 226(a) by failing, as a matter of policy and practice, to identify the employee's employee identification number and/or the last four digits of the employee's social security number on wage statements issued to Plaintiff and Class Members.

31.     Additionally, Defendants, as a matter of policy and practice, did not provide complete and accurate wage statements in violation of Labor Code § 226(a), by failing to separate all deductions, including taxes, on wage statements issued to Plaintiff and the Class.  Instead, all deductions were aggregated on wage statements provided to Plaintiff and the Class.

7

32.     Such a pattern, practice and uniform administration of policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

**SECOND CAUSE OF ACTION**

**VIOLATION OF LABOR CODE §§ 201 & 203**

**(BY PLAINTIFF AND THE FINAL WAGES CLASS AGAINST ALL DEFENDANTS)**

33.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

34.     Labor Code § 201 provides that all wages earned and unpaid at the time of an employee's discharge are due and payable immediately.  Labor Code § 203 provides that an employer who willfully fails to pay such wages due to an employee who is discharged must pay that employee waiting-time penalties in the form of a day's wages up to 30 days until all of the wages owed are paid.

35.     As a policy and practice, Defendants regularly and willfully failed to pay all wages due and earned to discharged employees, including Plaintiff and the Class, immediately at the time of their termination.  Instead, Defendants paid final wages to its discharged employees the day after termination, or later, via direct deposit.  As such, Defendants violated Labor Code §§ 201 and 203 and are liable to Plaintiff and the Class for waiting-time penalties.

36.     Such a pattern, practice and uniform administration of policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class in a civil action, for all damages or penalties pursuant to Labor Code §§ 201 & 203, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 201, 203, and 218.5.

**THIRD CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 2698, *ET SEQ.***

**(BY PLAINTIFF AGAINST ALL DEFENDANTS)**

8

1          37.       Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 as

2 though fully set forth herein.

3          38.       Plaintiff brings this cause of action on behalf as a proxy for the State of California

4 and in this capacity, seeks penalties on behalf of all Aggrieved Employees from May 15, 2016,

5 through the present, for Defendants' violations of Labor Code §§ 201, 203, and 226(a), arising

6 from Defendants: (a) failure to provide accurate itemized wage statements in violation of Labor

7 Code § 226(a), and (b) failure to pay all wages owed to discharged employees immediately upon

8 termination in violation of Labor Code §§ 201 & 203.

9          39.       On or about May 15, 2017, Plaintiff sent written notices to the California Labor &

10 Workforce Development Agency ("LWDA") of Defendants' violations of Labor Code §§ 201,

11 203, and 226(a), pursuant to Labor Code § 2698, *et seq.*, the Private Attorney General Act

12 ("PAGA").

13          40.       As such, pursuant to Labor Code § 2699(a), Plaintiff seeks recovery of any and all

14 applicable civil penalties for Defendants' violation of Labor Code §§ 201, 203, and 226(a), for

15 the time periods described above, on behalf of himself and other Aggrieved Employees.

16 **PRAYER FOR RELIEF**

17        WHEREFORE, Plaintiff prays for and requests relief against Defendants as follows:

18          1.        For an order certifying the proposed Class;

19          2.        For an order appointing Plaintiff as the representative of the classes described

20 herein;

21          3.        For an order appointing counsel for Plaintiff as Class counsel;

22          4.        Upon the First Cause of Action, for damages and/or penalties pursuant to statute

23 as set forth in Labor Code § 226, and for costs and attorneys' fees;

24          5.        Upon the Second Cause of Action, for damages and/or penalties pursuant to

25 statute as set forth in Labor Code §§ 201 & 203, and for costs and attorneys' fees;

26          6.        Upon the Third Cause of Action, for civil penalties according to proof pursuant to

27 Labor Code § 2698, *et seq.*, and for costs and attorneys' fees;

28          7.        On all causes of action for attorneys' fees and costs as provided by California

9

1   Labor Code §§ 218.5, 226 and 2698, *et seq.*, and Code of Civil Procedure § 1021.5; and

2        8.       For such other and further relief as the Court may deem just and proper.

3

4   Dated: November 30, 2017                 DIVERSITY LAW GROUP, A Professional Corporation

5

6                                     By:   _____

7                                           Larry W. Lee
                                            Attorneys for Plaintiff and the Class

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

CASE NUMBER: **17CV319866**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

### READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANTS* (The person(s) being sued):  You must do each of the following to protect your rights:

1. You must file a **written response** to the *Complaint,* in the Clerk's Office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

   **Warning:** If you do not do these three things, you may automatically lose this case.

---

*RULES AND FORMS:*  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   *You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case *Management Judge is:* **Hon. Thomas E. Kuhnle**          *Department:* **5**

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)

   Date: **3/23/2018**          Time: **10:00 am**  in Department   **5**

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)

   Date: _____          Time: _____  in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the 1st CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Larry W. Lee (SBN 228175)<br>DIVERSITY LAW GROUP<br>515 S. Figueroa Street, Suite 1250<br>Los Angeles, California 90071<br>TELEPHONE NO.: (213) 488-6555   FAX NO.: (213) 488-6554<br>ATTORNEY FOR *(Name)*: Plaintiff Ray Delgado | **E-FILED**<br>**11/30/2017 12:48 PM**<br>**Clerk of Court**<br>**Superior Court of CA,**<br>**County of Santa Clara**<br>**17CV319866**<br>**Reviewed By: R. Walker** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Ray Delgado v. Marketsource, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | **17CV319866**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is  ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☑ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence         f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*:  Three (3)
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 30, 2017
Larry W. Lee
_____          ▶ _____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
　Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment (*non-domestic relations*)
　Sister State Judgment
　Administrative Agency Award (*not unpaid taxes*)
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
　Declaratory Relief Only
　Injunctive Relief Only (*non-harassment*)
　Mechanics Lien
　Other Commercial Complaint Case (*non-tort/non-complex*)
　Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

**CIVIL CASE COVER SHEET**

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*
Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*

| | |
|---|---|
| Santa Clara County Superior Court | Santa Clara County DRPA Coordinator |
| ADR Administrator | 408-792-2784 |
| 408-882-2530 | |

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

# EXHIBIT 2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA 95113-1090**

E-FILED
12/4/2017 9:27 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV319866
Reviewed By: R. Walker

TO:     FILE COPY

RE:            Delgado v. Marketsource, Inc. dba Maryland Marketsource, Inc.
CASE NUMBER:     17CV319866

## ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY

WHEREAS, the Complaint was filed by Plaintiff **RAY DELGADO** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **November 30, 2017** and assigned to Department **5** (Complex Civil Litigation), the **Honorable Thomas E. Kuhnle** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:
The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department **5** (Complex Civil Litigation), the **Honorable Thomas E. Kuhnle** presiding.

The parties are directed to the Electronic Filing and Service Standing Order and to the Complex Civil Guidelines, copies of which may be downloaded from the Court's website.

Electronic service under this Order shall be construed by the Court and all parties to be equivalent to personal service. The two court days extension of time for electronic service under CCP § 1010.6(a)(4) does not apply. Any document for which service has not been completed by 5:00 p.m. is deemed served the following business day.

All parties are hereinafter ordered to submit to the Court's E-Filing website digital copies of all documents that were previously manually filed prior to the entry of this Order.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff RAY DELGADO, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order. Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for March 23, 2018 at 10:00 a.m. In Department 5 and all counsel are ordered to attend in person.

1

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendars days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;
3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;
4. Applicability and enforceability of arbitration clauses, if any;
5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);
6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;
7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

If this is a class action lawsuit, a copy of the Court's Guidelines for Motions relating to Class Certification is attached to this Order. The Court may set a briefing schedule for Plaintiff's class certification motion at the time of the conference.

2

Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: 11·30·17

Hon. Thomas E. Kuhnle
Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

# EXHIBIT 3

1  Larry W. Lee (State Bar No. 228175)
   Kristen M. Agnew (State Bar No. 247656)
2  Nick Rosenthal (State Bar No. 268297)
3  **DIVERSITY LAW GROUP, P.C.**
   515 South Figueroa Street, Suite 1250
4  Los Angeles, California 90071
   (213) 488-6555
5  (213) 488-6554 facsimile
6
   William L. Marder (State Bar No. 170131)
7  **Polaris Law Group LLP**
   501 San Benito Street, Suite 200
8  Hollister, California 95023
   (831) 531-4214
9  (831) 634-0333 facsimile
10
11 Attorneys for Plaintiff and the Class

E-FILED
12/1/2017 10:35 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV319866
Reviewed By: R. Walker

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                   FOR THE COUNTY OF SANTA CLARA

14

15 | RAY DELGADO, as an individual and on | Case No.: 17CV319866
16 | behalf of all others similarly situated, |
   |                                          | (Assigned to the Honorable Thomas E.
17 |              Plaintiffs,                 | Kuhnle, Dept. 5)
18 |                                          |
   |          vs.                             | **PLAINTIFF'S PEREMPTORY**
19 |                                          | **CHALLENGE TO THE HONORABLE**
   | MARKETSOURCE, INC., d/b/a               | **THOMAS E. KUHNLE PURSUANT TO**
20 | MARYLAND MARKETSOURCE, INC., a          | **CALIFORNIA CODE OF CIVIL**
   | Maryland corporation; and DOES 1 through | **PROCEDURE SECTION 170.6; AND**
21 | 50, inclusive,                           | **DECLARATION OF LARRY W. LEE IN**
22 |                                          | **SUPPORT THEREOF**
   |              Defendants.                 |
23

24

25

26

27

28

                                        1
   **PLAINTIFF'S PEREMPTORY CHALLENGE TO THE HONORABLE THOMAS E. KUHNLE**
   **PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 170.6; DECLARATION OF**
   **LARRY W. LEE**

TO THE HONORABLE COURT AND TO DEFENDANT AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to California Code of Civil Procedure Section 170.6, Plaintiff Ray Delgado ("Plaintiff") hereby moves to disqualify the Honorable Thomas E. Kuhnle from presiding over the hearings of any matter in this civil action which involve a contested issue of law or fact, or from presiding over the trial of this case on the grounds that said Judge is prejudiced against Plaintiff and/or Plaintiff's counsel and/or the interests of Plaintiff and/or Plaintiff's counsel.

This Motion is timely pursuant to California Code of Civil Procedure Section 170.6(a)(2), which states that peremptory challenges "shall be made within 15 days of after notice of the all[-]purpose assignment...." Accordingly, Plaintiff's Motion may be filed within fifteen (15) days from November 30, 2017, when Plaintiff learned of the assignment of this case to said Judge. As such, the deadline to file said challenge is December 15, 2017. Given that Plaintiff's Motion is being filed on December 1, 2017, it is timely.

Moreover, to date, this Court has not held any hearings in this matter, making this Motion procedurally proper. *See* Cal. Code Civ. Proc. § 170.6(a)(2); *see, e.g.*, *Fight For The Rams v. Superior Court*, 41 Cal. App. 4th 953, 958 (1996); *Bambula v. Superior Court*, 174 Cal. App. 3d 653, 657 (1985).

This Motion is based on the matters contained herein, California Code of Civil Procedure Section 170.6 and the Declaration of Larry W. Lee attached hereto.

Dated: December 1, 2017                    DIVERSITY LAW GROUP, P.C.

                                          By: _____
                                              Larry W. Lee
                                              Attorneys for Plaintiff and the Class

PLAINTIFF'S PEREMPTORY CHALLENGE TO THE HONORABLE THOMAS E. KUHNLE
PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 170.6; DECLARATION OF
LARRY W. LEE

<u>DECLARATION OF LARRY W. LEE IN</u>

<u>SUPPORT OF PEREMPTORY CHALLENGE</u>

I, LARRY W. LEE, declare and state as follows:

1.    I have personal knowledge of the facts set forth in this Declaration, and if called to testify under oath, could and would testify competently thereto.

2.    I am an attorney admitted to practice in the State of California and I am a shareholder of Diversity Law Group, P.C. I am one of the lawyers with responsible for representing Plaintiff Ray Delgado ("Plaintiff") in the above-captioned case.

3.    The Honorable Thomas E. Kuhnle, the Judge presiding in Department 5, to whom the aforesaid action is assigned, is prejudiced against Plaintiff and/or his counsel and/or the interests of Plaintiff and/or his counsel such that I believe that Plaintiff cannot have a fair and impartial trial or hearing before said Judge.

4.    Plaintiff first learned of said Judge's assignment on November 30, 2017, when the Civil Lawsuit Notice stated the case had been assigned to the Honorable Thomas E. Kuhnle, Department 5. As Plaintiff has filed this Motion on December 1, 2017, this Motion is timely pursuant to Code of Civil Procedure Section 170.6(a)(2), which states that challenges "shall be made within 15 days of after notice of the all[-]purpose assignment...." As such, the deadline to file said challenge is December 15, 2017.

5.    Furthermore, to date, the Court has not held any hearings in this matter, much less any hearings that involved a determination of any contested issue of fact. *See* Cal. Code Civ. Proc. § 170.6(a)(2).

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 1, 2017, at Los Angeles, California.

_____

Larry W. Lee

3

1   Larry W. Lee (State Bar No. 228175)
2   Kristen M. Agnew (State Bar No. 247656)
    Nick Rosenthal (State Bar No. 268297)
3   **DIVERSITY LAW GROUP, P.C.**
    515 South Figueroa Street, Suite 1250
4   Los Angeles, California 90071
    (213) 488-6555
5   (213) 488-6554 facsimile

6
    William L. Marder (State Bar No. 170131)
7   **Polaris Law Group LLP**
    501 San Benito Street, Suite 200
8   Hollister, California 95023
    (831) 531-4214
9   (831) 634-0333 facsimile

10
    Attorneys for Plaintiff and the Class
11

12            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13              **FOR THE COUNTY OF SANTA CLARA**

14

15   RAY DELGADO, as an individual and on        Case No.: 17CV319866
16   behalf of all others similarly situated,
                                                  (Assigned to the Honorable Thomas E.
17          Plaintiffs,                           Kuhnle, Dept. 5)

18      vs.                                       **PROOF OF SERVICE OF PLAINTIFF'S**
19                                                **PEREMPTORY CHALLENGE**
     MARKETSOURCE, INC., d/b/a
20   MARYLAND MARKETSOURCE, INC., a
     Maryland corporation; and DOES 1 through
21   50, inclusive,

22
            Defendants.
23

24

25

26

27

28

                                     1

                             **PROOF OF SERVICE**

# PROOF OF SERVICE

## (Code of Civil Procedure Sections 1013a, 2015.5)

STATE OF CALIFORNIA        ]
                             ]ss.

COUNTY OF LOS ANGELES    ]

        I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 515 S. Figueroa Street, Suite 1250, Los Angeles, California 90071.

        On December 5, 2017, I served the following document(s) described as: **PLAINTIFF'S PEREMPTORY CHALLENGE TO THE HONORABLE THOMAS E. KUHNLE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 170.6** on the interested parties in this action as follows:

Marketsource, Inc. d/b/a Maryland Marketsource, Inc.
c/o CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833
*Defendant*

    __X__    BY MAIL: by placing _____ the original or __X__ a true and correct copy thereof enclosed, in (a) sealed envelope(s) addressed to the party(ies) listed above or on the attached mailing list. I am readily familiar with the firm's practice for collection and processing of correspondence and other materials for mailing with the United States Postal Service. On this date, I sealed the envelope(s) containing the above materials and placed the envelope(s) for collection and mailing on this date at the address above following our office's ordinary business practices. The envelope(s) will be deposited with the United States Postal Service on this date, in the ordinary course of business.

        I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 5, 2017, at Los Angeles, California.

Linda Lee

# EXHIBIT 4

E-FILED
12/6/2017 4:04 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV319866
Reviewed By: R. Walker

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| RAY DELGADO, as an individual and on behalf of all others similarly situated, | Case No.: 17CV319866 |
| Plaintiff, | |
| vs. | **ORDER GRANTING PLAINTIFF'S PEREMPTORY CHALLENGE PURSUANT TO C.C.P. § 170.6 AS TO THE HON. THOMAS E. KUHNLE** |
| MARKETSOURCE, INC. dba MARYLAND MARKETSOURCE, INC.; and DOES 1 through 50, inclusive, | |
| Defendant. | |

WHEREAS the above-captioned matter was assigned for all purposes, including discovery and trial, to the Honorable Thomas E. Kuhnle on November 30, 2017;

WHEREAS, the Motion for Peremptory Challenge pursuant to C.C.P. § 170.6 as to the Honorable Thomas E. Kuhnle was filed by Plaintiff Ray Delgado on December 1, 2017;

## ORDER

The Motion for Peremptory Challenge pursuant to C.C.P. § 170.6 as to the Honorable Thomas E. Kuhnle, filed by Plaintiff Ray Delgado on December 1, 2017, is **GRANTED**, as having been timely filed.

*Delgado v. Marketsource, Inc. dba Maryland Marketsource, Inc.*
*Superior Court of California, County of Santa Clara, Case No. 17CV319866*
*Order Granting Plaintiff's Peremptory Challenge pursuant to C.C.P. § 170.6 as to the Hon. Thomas E. Kuhnle*

1    The matter shall be, and is, reassigned to Department 1, the Honorable Brian C. Walsh

2  presiding. Until further Order of the Court, the complexity designation will remain in this

3  matter, and E-Filing/E-Service of documents shall be mandatory.

4    The Case Management Conference is reset from March 23, 2018 at 10:00 a.m. in

5  Department 5 to March 23, 2018 at 10:00 a.m. in Department 1.

6    SO ORDERED.

7

8  Dated: 12·6·17

9    Hon. Thomas E. Kuhnle
    Judge of the Superior Court

*Delgado v. Marketsource, Inc. dba Maryland Marketsource, Inc.*
*Superior Court of California, County of Santa Clara, Case No. 17CV319866*
*Order Granting Plaintiff's Peremptory Challenge pursuant to C.C.P. § 170.6 as to the Hon. Thomas E. Kuhnle*

2

# EXHIBIT 5

Michael S. Kun (State Bar No. 208684)
Kevin D. Sullivan (State Bar No. 270343)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, California 90067-2506
Telephone: 310.556.8861
Facsimile: 310.553.2165
Email: mkun@ebglaw.com
       ksullivan@ebglaw.com

Attorneys for Defendant
MARKETSOURCE, INC.

**E-FILED**
**12/28/2017 12:29 PM**
**Clerk of Court**
**Superior Court of CA,**
**County of Santa Clara**
**17CV319866**
**Reviewed By: R. Walker**
**Envelope:1092547**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| RAY DELGADO, as an individual and on behalf of other persons similarly situated,<br><br>             Plaintiffs,<br><br>       v.<br><br>MARKETSOURCE, INC., d/b/a MARYLAND MARKETSOURCE, INC., a Maryland Corporation; and DOES 1 through 50, inclusive,<br><br>             Defendants. | CASE NO. 17CV319866<br><br>*Assigned to Dept. 5, Hon. Thomas E. Kuhnle*<br><br>[CLASS ACTION]<br><br>Complaint Filed: November 30, 2017<br><br>**DEFENDANT MARKETSOURCE, INC.'S ANSWER TO COMPLAINT** |

       Defendant MarketSource, Inc. ("Defendant") answers the unverified Complaint of Plaintiff Ray Delgado ("Plaintiff") and says as follows:

### GENERAL DENIAL

       Under the provisions of Section 431.30(d) of the Code of Civil Procedure, Defendant generally and specifically denies each, every, and all of the allegations contained in Plaintiff's Complaint, and each cause of action of Plaintiff's Complaint and whole thereof, and denies that Plaintiff was injured or damaged as alleged, or at all.

///

///

///

Firm:44711077v1                            DEFENDANT MARKETSOURCE, INC.'S ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's Complaint, and each purported cause of action, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's Complaint, and each alleged cause of action, is barred, in whole or in part, because Defendant complied with all applicable laws regarding wage payments and wage statements.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's Complaint, and each alleged cause of action, is barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 337, 338, 339 and 340 and Business and Professions Code section 17208.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's Complaint, and each alleged cause of action, is barred, in whole or in part, from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

5.      Defendant is informed and believes and thereon alleges that any recovery on Plaintiff's Complaint, and each alleged cause of action, is barred by California Labor sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's Complaint, and each alleged cause of action, is barred, in whole or in part, because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's Complaint, and each alleged cause of action, is barred, in whole or in part, by the doctrine of consent.

- 2 -

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's Complaint, and each alleged cause of action, is barred, in whole or in part, by the doctrines of waiver and release.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff comes to this Court with unclean hands and is, therefore, barred from recovery under this Complaint, or any cause of action thereof.

## TENTH AFFIRMATIVE DEFENSE

10.      Plaintiff's claims are barred, in whole or in part, and/or recovery is precluded because Defendant's conduct was not willful.

## ELEVENTH AFFIRMATIVE DEFENSE

11.      Plaintiff's Complaint, and each alleged cause of action, is barred, in whole or in part, because Plaintiff has received all income, compensation and salary to which he has ever been entitled.

## TWELFTH AFFIRMATIVE DEFENSE

12.      Defendant's actions were for legitimate business reasons made in good faith and were not based upon a violation of public policy or other factors protected by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.      Plaintiff has not and cannot satisfy the requirements of California Code of Civil Procedure section 382.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.      This case is not appropriate for class certification because each claim requires a detailed, fact-specific and individualized inquiry that must be decided on an employee-by-employee basis.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.      This case is not appropriate for class certification because Plaintiff's claims are not typical of the claims of the alleged putative class, and Plaintiff is not an adequate representative of the putative class members.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.      This case is not appropriate for class certification because the facts and law

common to the case are insignificant compared to the individual facts and issues particular to the Plaintiff and the putative class members.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    This case is not appropriate for class certification because a far speedier administrative remedy before the California State Labor Commissioner is available to Plaintiff and each putative class member, and thus class treatment is not the superior method for resolving the alleged claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Defendant is entitled to offset for any monies received by Plaintiff from any source in compensation for his alleged economic damages and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery set forth under Witt v. Jackson (1961) 57 Cal.2d 57 and its progeny.

### NINETEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state a cause or causes of action for attorneys' fees against Defendant on any basis.

### TWENTIETH AFFIRMATIVE DEFENSE

20.    Although Defendant denies that it has committed or has responsibility for any act that could support the recovery against Defendant in this lawsuit, if any, to the extent any such act is found, such recovery against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7of Article I and other provisions of the California Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiff's requests for penalties under the Private Attorneys General Act are barred, in whole or in part, because Plaintiff failed to exhaust his administrative remedies under California Labor Code sections 98 through 98.2 and under the Private Attorneys General Act prior to commencing this lawsuit.

- 4 -

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's requests for penalties under the Private Attorneys General Act are barred where the California Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees cannot assess any civil penalties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff's requests for penalties under the Private Attorneys General Act are barred because he is not an aggrieved employee.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiff's requests for penalties under the Private Attorneys General Act are barred because this Court lacks discretion to assess civil penalties.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiff's requests for penalties under the Private Attorneys General Act are barred because this Court is limited in its discretion to assess civil penalties.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiff's requests for penalties under the Private Attorneys General Act are barred where the provisions of the California Labor Code allegedly violated provide for a civil penalty.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiff's requests for penalties under the Private Attorneys General Act are barred where the Labor and Workforce Development Agency, its departments, divisions, commissions, boards, agencies or employees have initiated an action or cited Defendants, based on the same facts and/or theories.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Plaintiff's requests for penalties under the Private Attorneys General Act are barred, in whole or in part, because Plaintiff lacks standing to assert such a cause of action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Plaintiff's requests for penalties under the Private Attorneys General Act are barred pursuant to the United States Constitution and the California Constitution because Labor

1  Code Sections 2698 and 2699 is an improper delegation of power.

### THIRTIETH AFFIRMATIVE DEFENSE

30.    Plaintiff's requests for penalties under the Private Attorneys General Act are barred pursuant to the United States Constitution and the California Constitution because Labor Code Sections 2698 and 2699 impose double penalties.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    Plaintiff's requests for penalties under the Private Attorneys General Act are barred pursuant to the Eighth Amendment to the United States Constitution and Article I, Section 17 of the California Constitution because Labor Code Sections 2698 and 2699 impose excessive fines.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    Plaintiff's requests for penalties under the Private Attorneys General Act are barred pursuant to the United States Constitution and the California Constitution because Labor Code Sections 2698 and 2699 are impermissibly vague.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    Plaintiff's requests for penalties under the Private Attorneys General Act are barred because Labor Code Sections 2698 and 2699 are violative of the principles of substantive due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    Plaintiff's requests for penalties under the Private Attorneys General Act are barred because Labor Code Sections 2698 and 2699 are violative of the principles of procedural due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.    Plaintiff's requests for penalties under the Private Attorneys General Act are barred because Plaintiff is not able to fairly and adequately protect the interests of all other current and/or former employees.

- 6 -

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     Plaintiff's requests for penalties under the Private Attorneys General Act are barred because the claims of Plaintiff are not typical of the claims of the other current and/or former employees.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     Plaintiff's requests for penalties under the Private Attorneys General Act are barred because the facts and law common to the case are insignificant compared to the individual facts and issues particular to the Plaintiff and other current or former employees.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.     Plaintiff is not entitled to a jury trial for his claims under the Private Attorneys General Act.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39.     Because Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by his Complaint;

2.     That the Complaint be dismissed in its entirety with prejudice;

3.     That Plaintiff be denied each and every demand and prayer for relief contained in in the Complaint;

4.     For cost of suits incurred herein including reasonable attorneys' fees pursuant to Labor Code section 218.5, Code of Civil Procedure section 1021.5 and any other applicable law; and

5.     For such other and further relief as the Court deems just and equitable.

DATED: December 28, 2017                    EPSTEIN BECKER & GREEN, P.C.

By: _____
Michael S. Kun
Kevin D. Sullivan
Attorneys for Defendant
MARKETSOURCE, INC.

E-FILED
12/28/2017 12:29 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV319866
Reviewed By: R. Walker

<u>**PROOF OF SERVICE**</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.   At the time of service I was at least 18 years of age and not a party to this legal action.

2.   My business address is 1925 Century Park East, Suite 500, Los Angeles, CA 90067-2506.

3.   I served copies of the following documents:

     ➤   **DEFENDANT MARKETSOURCE, INC.'S ANSWER TO COMPLAINT**

4.   I served the documents listed above in item 3 on the following persons and address:

     Larry W. Lee                            *Attorneys for Plaintiff and the*
     Kristen M. Agnew                       *Class*
     Nick Rosenthal
     DIVERSITY LAW GROUP, P.C.
     515 South Figueroa Street, Suite 1250
     Los Angeles, California 90071
     Telephone: (213) 488-6555
     Facsimile: (213) 488-6554
     E-Mail: lwlee@diversitylaw.com
             kagnew@diversitylaw.com
             nrosenthal@diversitylaw.com

     William L Marder                      *Attorneys for Plaintiff and the*
     Polaris Law Group LLP                *Class*
     501 San Benito Street, Suite 200
     Hollister, California 95023
     Telephone: (831) 531-4214
     Facsimile: (831) 634-0333
     E-Mail: bill@polarislawgroup.com

5.   a. ☒   **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

     (1) ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

     (2) ☒   placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

     I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

     b. ☐   **By overnight delivery.**

     c. ☐   **By messenger service.**

6.   I served the documents by the means described in item 5 on *(date):* **December** 28**, 2017**

Firm:44711077v1                            DEFENDANT MARKETSOURCE, INC.'S ANSWER TO COMPLAINT

1        I declare under penalty of perjury under the laws of the State of California that the
2    foregoing is true and correct.

3    12/28/17        Karen Wilkes
4    _____    _____    _____
     DATE           (TYPE OR PRINT NAME)        (SIGNATURE OF DECLARANT)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -