UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RAY DELGADO,
    Plaintiff,
    v.
MARKETSOURCE, INC., et al.
    Defendant.

Case No. 17-cv-07370-LHK (VKD)

**ORDER RE JULY 30, 2018 JOINT DISCOVERY LETTER**

Re: Dkt. No. 25

In this putative class action, plaintiff Ray Delgado sues defendant MarketSource, Inc. and unnamed Doe defendants for violating California labor laws. The case was originally filed in Santa Clara County Superior Court, but MarketSource subsequently removed the action to this Court asserting federal jurisdiction pursuant to 28 U.S.C. §§ 1332(d) and 1453. Dkt. No. 1. The parties dispute whether Mr. Delgado may obtain discovery of the contact information of all putative class members in the state of California. The parties submitted a joint discovery letter describing their respective positions on July 30, 2018. Dkt. No. 25.

The Court grants Mr. Delgado's request for discovery of contact information for putative class members, subject to the further conditions set forth below.

## I. BACKGROUND

Mr. Delgado alleges that he worked for MarketSource as a district manager in Santa Clara County from approximately April 3, 2013 to April 18, 2017. Dkt. No. 1-1, Ex. 1 ¶ 7. He says that the wage statements issued to him by MarketSource failed to separately itemize all deductions in violation of California Labor Code § 226(a), and that MarketSource failed to pay all earned wages to him immediately upon termination of his employment in violation of California Labor Code

§§ 201 and 203. *Id.* ¶ 22. Mr. Delgado alleges that MarketSource "uniformly administered a corporate policy and practice" of failing to accurately itemize employee wage statements and failing to pay all wages owed and due to employees immediately upon termination. *Id.* ¶ 19. Mr. Delgado seeks to pursue these claims on behalf of two classes:

> a. All current and former employees who worked for Defendant in the State of California at any time from November 30, 2016, to the present (the "Wage Statement Class").
>
> b. All former employees of Defendant in the State of California whose employment was involuntarily terminated by Defendant at any time from November 30, 2014, to the present (the "Final Wages Class").

*Id.* ¶ 16.

MarketSource generally denies Mr. Delgado's allegations, and objects to the request for certification of a class or classes. *Id.*, Ex. 5.

Mr. Delgado moves to compel MarketSource to disclose contact information for the current and former employees who are putative members of what he has defined as the Wage Statement Class and the Final Wages Class.[1] He seeks this discovery to support his anticipated motion for class certification. MarketSource objects to the discovery on several grounds, including that Mr. Delgado has not made a prima facie showing that MarketSource has committed any violation of California labor laws, let alone a prima facie showing that his allegations meet the requirements for maintaining a class action. MarketSource separately objects to the scope of Mr. Delgado's discovery to the extent he seeks contact information for employees who worked at locations other than the location where he worked, or contact information for employees who have entered into arbitration agreements with class action waivers.

## II.   LEGAL STANDARD

A member of a class may sue on behalf of all class members only if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact

---

[1] The parties have attached the interrogatories at issue, which use the defined term "IDENTIFY" with respect to the putative class members. However, the parties omit the portion of the interrogatories that includes the definition of that term. The record does not reflect what information the term "IDENTIFY" encompasses.

2

common to the class; (3) the claims or defense of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The parties dispute the standard that applies to discovery conducted before a class is certified. Mr. Delgado contends that he is automatically entitled to discover the contact information of all putative class members because the presiding judge has not bifurcated discovery as to class certification and liability. Dkt. No. 25 at 2, 3. MarketSource cites a discretionary standard for pre-certification discovery, but then argues that Mr. Delgado is not entitled to the discovery he seeks here because he has not made an evidentiary showing to support the allegations in his complaint on the merits or with respect to the requirements of Rule 23. *Id.* at 5–6.

The Ninth Circuit has held that the availability and scope of pre-certification discovery lie entirely within the discretion of the district court. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). In its exercise of that discretion, the court considers whether the plaintiff has made a prima facie showing that the Rule 23 class action requirements are met, or whether the discovery sought is "likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Discovery of the identities of putative class members is neither "automatic," nor is an evidentiary showing required.

With respect to the decision to certify a class, the Ninth Circuit has observed that "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action is maintainable." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977). That directive implies that, in most cases, the plaintiff should be permitted to obtain the discovery necessary to make the required showing, particularly when the relevant information is in the sole possession of the defendant. *Id.*; *see also Vinole*, 571 F.3d at 942 ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted.").

3

**III. DISCUSSION**

**A. Contact Information for Putative Class Members**

The Court finds that Mr. Delgado has made a prima facie showing that the class action requirements of Rule 23 are met, sufficient to permit pre-certification discovery of class member contact information. Here, Mr. Delgado alleges that (1) the putative classes (as defined by Mr. Delgado) are so numerous that joinder of all members is impractical; (2) there are questions of law or fact concerning MarketSource's alleged policies and procedures regarding employee wage statements and payment of wages due and owed upon termination that are common to the proposed classes; (3) Mr. Delgado's claims are typical of the claims of all putative class members; and (4) Mr. Delgado will fairly and adequately represent the interests of the classes. Dkt. No. 1-1, Ex. 1 ¶¶ 16-28. The reasonable and plausible allegations of the complaint, together with Mr. Delgado's uncontested representations that a MarketSource corporate representative has confirmed the company uses uniform payroll practices and procedures across the state, establish a prima facie showing that the class action requirements are met for purposes of this discovery dispute. *See, e.g.*, *Barreras v. Michaels Stores, Inc.*, No. 12-cv-4474-PJH, 2015 WL 1886337 at *2 (N.D. Cal. Apr. 24, 2015); *Heredia v. Eddie Bauer LLC*, Case No. 16-cv-06236-BLF, 2017 WL 1316906 at *2 (N.D. Cal. Apr. 10, 2017).

MarketSource objects that even if pre-certification discovery of class member contact information is permitted, that discovery should be limited to employees who worked in the same location as Mr. Delgado and should exclude any employees who signed an arbitration agreement waiving their right to participate in a class action. The Court addresses these objections separately.

**1. Location-Specific Discovery**

As explained above, Mr. Delgado alleges that his own wage statements and his wages paid upon termination violated California labor laws, that MarketSource's conduct with respect to him was consistent with statewide company policy and practice, and that MarketSource has itself admitted that it uses uniform payroll practices and procedures across California. MarketSource points out that Mr. Delgado worked only at one of MarketSource's locations, but it does not

4

contend that the company handles wage statements or wage payments upon termination differently at any of its locations. The discovery Mr. Delgado seeks falls squarely within the bounds of discovery necessary to substantiate the class allegations he has made. *See, e.g.*, *Heredia*, 2017 WL 1316906 at \*3 (finding defendant had not demonstrated a reason to limit discovery of contact information to specific location, in view of allegations of well-pleaded complaint).

### 2. Employees with Arbitration Agreements

MarketSource may well be correct that some current and former employees who fall within Mr. Delgado's definitions of the Wage Statement Class and the Final Wages Class will be precluded by the class action waivers in their arbitration agreements from participating in this action as class members. That issue is properly addressed as part of class certification. However, the possible existence of putative class members who have signed arbitration agreements should not limit the scope of pre-certification discovery of such members' contact information, for at least two reasons. First, it is not clear at this early stage of the case whether the class action waivers to which MarketSource refers are enforceable against the employees who might otherwise be members of a class. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018) (arbitration agreements that include class action waivers are not per se unenforceable, but are subject to generally applicable contract defenses, such as fraud, duress, or unconscionability). Second, even if some putative class members could not join a class, they may well have discoverable information bearing on the class action requirements of Rule 23, such as how widespread the alleged violations are (or are not) among MarketSource's current and former employees. *See Adamov v. Pricewaterhouse Coopers LLP*, Case No. 2:13-cv-0122-TLN-AC, 2017 WL 6558133 (E.D. Cal. Dec. 21, 2017) (permitting pre-certification discovery in advance of resolution of whether arbitration agreements precluded class participation).

### B. Procedures for Obtaining Contact Information

For the reasons described above, Mr. Delgado may obtain discovery of contact information for those putative class members that fall within the Wage Statement Class or the Final Wages Class as those classes are defined in the complaint. MarketSource shall produce the information requested in Mr. Delgado's Interrogatories Nos. 1 and 4.

5

The parties' discovery dispute letter addresses only the discoverability of the contact information of certain current and former MarketSource employees. It does not address the procedures for protecting employee privacy with respect to such contact information or the procedures for production and use of that information. The parties are ordered to confer expeditiously regarding the procedures governing the production and use of employee contact information in this case, including: (1) whether a *Belaire-West*[2] notification process should be used; (2) whether employee contact information will be provided directly to Mr. Delgado's counsel or to a third-party administrator; and (3) whether any additional protections for employee confidential information are warranted.

If the parties concur on these points, they shall jointly file with the Court a stipulation documenting their agreement. If the parties do not agree, they may submit their dispute to the Court using the Court's discovery dispute procedures.

**IT IS SO ORDERED.**

Dated: August 28, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] *Belaire-West Landscape Inc. v. Superior Court*, 149 Cal. App. 4th 554, 557–58 (2007) (describing "opt-out" notice procedure for putative class members).