UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RAY DELGADO,

Plaintiff,

v.

MARKETSOURCE, INC.,

Defendant.

Case No. 17-cv-07370-LHK (VKD)

**ORDER RE DISPUTE RE PAGA-RELATED DISCOVERY**

Re: Dkt. No. 59, 68

Plaintiff Ray Delgado seeks discovery of the dates of termination and final wage payments for approximately 963 former employees of defendant MarketSource, Inc. ("MarketSource"), in aid of his claim under California's Private Attorneys General Act ("PAGA"), California Labor Code § 2698 *et seq.*, for failure to pay final wages upon termination of employment as required by California Labor Code § 201. Dkt. No. 59.

The Court conducted a hearing in this matter on April 23, 2019. At that time, the presiding judge, the Honorable Lucy Koh, had denied Mr. Delgado's motion for certification of a class of all terminated MarketSource employees employed in California at any time from November 30, 2016 through the present. Dkt. No. 46. MarketSource's motion to strike Mr. Delgado's PAGA claim was pending before Judge Koh. Dkt. No. 52. The Court deferred ruling on this discovery dispute until after a decision on MarketSource's motion to strike on the ground that if the decision did not moot this dispute, it would at least inform it. Dkt. No. 65. However, the Court advised that if the decision on the motion to strike did not moot this discovery dispute, the Court would require the parties to confer further on specific matters and provide an update to the Court. *Id.*

On April 29, 2019, Judge Koh denied MarketSource's motion to strike Mr. Delgado's PAGA claim. Dkt. No. 66. On that same day, this Court issued an order requiring the parties to

advise the Court about the following matters by May 1, 2019:

1. The time required for MarketSource to provide responsive information and documents with respect to the five employees identified in Mr. Delgado's amended initial disclosures;
2. A procedure for assessing whether the termination and final wage payment data in MarketSource's records (i.e. the PeopleSoft system) for a given terminated employee requires further investigation (e.g., whether a query of the PeopleSoft system reflects an apparent violation that may be due to data entry errors), and if so, what amount of time MarketSource would require to conduct such further investigation;
3. If MarketSource contends that such further investigation would be prohibitively burdensome, a method for investigating and producing data for a statistically significant sample of the relevant terminated employees.

Dkt. No. 67. The parties made a supplemental submission on May 1, 2019. Dkt. No. 68. At the Court's further request, MarketSource submitted the declaration of Melissa Wiley regarding the nature and accessibility of information stored in MarketSource's PeopleSoft system and payroll register. Dkt. No. 70.

Mr. Delgado asserts that his representative PAGA claim is based on the allegation that MarketSource had a state-wide policy that resulted in late payment of final wages to terminated employees. Dkt. No. 59 at 1. This is the same policy on which Mr. Delgado relied in his motion for class certification. In denying class certification, Judge Koh found no unlawful policy and further found that Mr. Delgado failed to identify a single instance in which any such policy caused a violation of Labor Code § 201. Dkt. No. 46 at 9-11. In fact, apart from his own termination, about which the parties disagree, Mr. Delgado has identified *no examples* of violations of Labor Code § 201 by MarketSource within the PAGA period.[1] MarketSource has investigated the dates of termination and final wage payment for the five employees identified in Mr. Delgado's amended initial disclosures. It reports that only three of those employees were terminated within

---

[1] The PAGA period is September 26, 2016 through the present. Dkt. No. 59 at 1-2.

the PAGA period and none of those three received final wage payments after their date of termination. Dkt. No. 68 at 4-5.

MarketSource has demonstrated that Mr. Delgado's original discovery demand (as reflected in Dkt. No. 59) would impose a substantial burden on MarketSource. *See* Dkt. No. 68, at 6-7.[2] MarketSource explains that it is not possible to query the data maintained in its PeopleSoft system to produce reliable information regarding the date on which a terminated employee received final wages, and that some amount of manual work is required to provide the information Mr. Delgado seeks. MarketSource estimates that its personnel would require approximately 384 hours to provide the requested information for the remaining 960 terminated employees within the PAGA period, or about 24 minutes per employee. This estimate excludes collection and production of cancelled checks. *Id.* at 6; Dkt. No. 70.

In determining whether the discovery Mr. Delgado seeks is proportional to the needs of the case, the Court considers not only the burden on MarketSource, but the likelihood that the discovery will yield information relevant to Mr. Delgado's PAGA claim. As explained above, Mr. Delgado has not identified an unlawful policy that results in late payment of final wages or even another employee who suffered late payment of final wages. This is remarkable given that Mr. Delgado obtained the names and contact information for the "aggrieved employees" within the scope of his PAGA claim no later than October 2018. *See* Dkt. Nos. 29, 41. Mr. Delgado does not reveal what, if any, investigation he has done in support of his PAGA claim in the intervening six months, but the fact that he has not identified *any* other violations of Labor Code § 201 to date suggests that he does not seek discovery to establish the extent of MarketSource's PAGA liability and exposure, but rather to learn whether there is any basis for PAGA liability in the first place.

In denying MarketSource's motion to strike Mr. Delgado's PAGA claim, Judge Koh did not decide that the claim is meritorious or that the discovery Mr. Delgado seeks is warranted, as Mr. Delgado suggests. She decided that the PAGA claim could not be dismissed as

---

[2] The Court's expedited discovery resolution procedure does not require the submission of declarations. However, in this matter, the Court did require MarketSource to submit a supporting declaration regarding the nature and accessibility of information stored in MarketSource's PeopleSoft system and payroll register. Dkt. No. 69.

3

unmanageable. Dkt. No. 66. None of the other authority on which Mr. Delgado relies supports his argument that he is entitled to the broad discovery he now seeks at this stage of the case, particularly after the Court's adverse findings on the existence of an unlawful policy and after Mr. Delgado was afforded an extended opportunity to investigate whether there were any violations suffered by other potential "aggrieved employees."

The Court concludes that Mr. Delgado's original discovery demand is not proportional to the needs of the case. However, as Mr. Delgado has alleged a violation of Labor Code §201 that has not yet been resolved against him, and as the PAGA claim remains in the case, some limited PAGA-related discovery may be warranted, taking into account MarketSource's representations regarding the nature and accessibility of information maintained in its PeopleSoft system. The Court orders as follows:

1. If it has not already done so, MarketSource shall produce documents sufficient to show the dates of termination and payment of final wages for the three employees referred to as DH, SB, and KH in Dkt. No. 68.

2. Mr. Delgado may select from the list of "aggrieved employees" no more than 25 additional employees who were terminated during the PAGA period. For those 25 employees MarketSource shall answer Interrogatories Nos. 17 and 18 and shall produce documents sufficient to show the dates of termination and payment of final wages for each of those employees. MarketSource need not produce cancelled paychecks. This discovery shall be provided to Mr. Delgado no later than **May 10, 2019**.

3. The parties shall jointly submit a status report on **May 13, 2019**, advising the Court of the results of MarketSource's investigation of the dates of termination and payment of final wages for the 25 employees, and stating their respective positions regarding whether further discovery is warranted in view of the discovery that Mr. Delgado has obtained to date.

**IT IS SO ORDERED.**

Dated: May 3, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

4