Larry W. Lee (State Bar No. 228175)
Kristen M. Agnew (State Bar No. 247656)
Nick Rosenthal (State Bar No. 268297)
**DIVERSITY LAW GROUP, P.C.**
515 South Figueroa Street, Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

William L. Marder (State Bar No. 170131)
**Polaris Law Group LLP**
501 San Benito Street, Suite 200
Hollister, California 95023
(831) 531-4214
(831) 634-0333 facsimile

Attorneys for Plaintiff and the Aggrieved
Employees

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY DELGADO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MARKETSOURCE, INC., d/b/a MARYLAND MARKETSOURCE, INC., a Maryland corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 17-cv-07370-LHK<br><br>**SECOND AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698 *ET SEQ.***<br><br>Courtroom: 8<br>Judge:      Hon. Lucy H. Koh |

- 1 -
**SECOND AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE
UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

This Second Amended Joint Stipulation of Settlement and Release ("Agreement" or "Settlement") under the Private Attorneys General Act, California Labor Code § 2698 *et seq.*, ("PAGA") is made by and between Plaintiff Ray Delgado ("Delgado" or "Plaintiff"), individually and as representative on behalf of Aggrieved Employees as further defined herein and the State of California, and Defendant MarketSource, Inc. ("MarketSource" or "Defendant"). Delgado and MarketSource are collectively referred to herein as the "Parties" and may be individually referred to as a "Party."

## RECITALS

A. WHEREAS, on November 30, 2017, Plaintiff filed a Class Action Complaint ("Complaint") against Defendant in the Superior Court of California, County of Santa Clara, entitled *Ray Delgado v. Marketsource, Inc. d/b/a Maryland Marketsource, Inc.*, as Case No. 17CV319866 (the "Lawsuit"), in which he asserted the following three claims: 1) violation of Labor Code section 226(a); 2) violation of Labor Code sections 201 and 203; and violation of Labor Code section 2698, *et seq.*;

B. WHEREAS, MarketSource denies all allegations in the Lawsuit and all claims of any wrongdoing whatsoever by any of its parents, subsidiaries, affiliates, divisions, agents, servants or employees for any claims;

C. WHEREAS, on December 29, 2017, Defendant filed a Notice of Removal of the Action to the United States District Court, Northern District of California, which was assigned Case No. 17-cv-07370-LHK;

D. WHEREAS, following the removal of the action, the Parties exchanged written discovery, Defendant deposed Plaintiff, and Plaintiff deposed Defendant's Rule 30(b)(6) corporate representative on topics related to Defendant's policies regarding the issuance of itemized wages statements and the payment of final wages to California employees;

E. WHEREAS, based on the testimony provided during deposition, Plaintiff agreed to the dismissal of the first cause of action for violation of Labor Code section 226(a), without prejudice as to unnamed putative class members. (Dkt. 33.) Plaintiff further agreed to strike the

**SECOND AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

1  claim for alleged wage statement violations from the third cause of action for civil penalties under

2  the PAGA;

3          F.  WHEREAS, on September 24, 2018, Plaintiff filed his Motion for Class

4  Certification as to the second cause of action for violation of Labor Code sections 201 and 203.

5  (Dkt. 37);

6          G.  WHEREAS, On December 20, 2018, the Court entered an Order Denying

7  Plaintiff's Motion for Class Certification. (Dkt. 46.)

8          H.  WHEREAS, after the Court denied class certification, only two claims remain: 1)

9  Plaintiff's individual claim for waiting time penalties under California Labor Code section 203;

10  and 2) Plaintiff's representative claim under PAGA based on Defendant's alleged failure to timely

11  pay final wages to involuntarily terminated employees in California who were terminated at any

12  time from September 26, 2016 through the present;

13          I.  WHEREAS, the Parties have now agreed to avoid further litigation and to settle

14  and resolve all existing and potential disputes, actions, lawsuits, charges and claims that the

15  Aggrieved Employees have or may have against Defendant that are asserted in the Lawsuit;

16          J.  WHEREAS, the Parties believe and agree that this Agreement provides for a fair,

17  adequate, and reasonable resolution of the Lawsuit, and have arrived at the settlement in

18  extensive, arms-length negotiations, taking into account all relevant factors, present and potential;

19          K.  WHEREAS, under California law, the State may assess and collect civil penalties

20  from "employers" for violations of certain provisions of the Labor Code. *See* Cal. Lab. Code §§

21  2699(a) *et seq.* Under PAGA, however, if an "aggrieved employee" "give[s] written notice by

22  certified mail to the [State] and the employer of the specific provision of the [Labor Code] alleged

23  to have been violated," and the State thereafter decides not to investigate, or does investigate and

24  determines that a citation against the employer should not issue, the employee may, "as an

25  alternative" to enforcement by the State, bring a civil action under PAGA to recover the civil

26  penalties "on behalf of himself or herself and other current or former employees." *Id.* "[C]ivil

27  penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the state

28  and 25 percent to the aggrieved employees." *Id.*

- 3 -

**SECOND AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE
UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

1  L.  WHEREAS, California Labor Code section 2699(*l*) requires Court approval of any
2  settlement pursuant to PAGA;

3  M.  WHEREAS, "PAGA Settlement" means the disposition of the Lawsuit and any
4  claims under or pursuant to PAGA memorialized in this Agreement;

5  NOW THEREFORE, in consideration of the facts set forth in the recitals listed above,
6  the covenants and promises in this Agreement, and for other good and valuable consideration, the
7  receipt and sufficiency of which are hereby acknowledged, the Parties mutually agree as follows:

8
9  ## AGREEMENT

10  1.  AGGRIEVED EMPLOYEES: The Parties agree that the following employees of
11  Defendant shall be bound by this Settlement, including the release of claims described in
12  Paragraph 3 of this Agreement: all former employees whose employment was involuntarily
13  terminated by Defendant at any time from September 26, 2016 through March 1, 2019
14  ("Aggrieved Employee"). The Aggrieved Employees do not exceed 963 unique individuals.

15  2.  EFFECTIVE DATE: The "Effective Date" of the release of Delgado's and
16  Aggrieved Employees' claims refers to the date by which the last of the following has occurred:
17  (a) the Court has entered an Order and Judgment approving this Agreement and PAGA
18  Settlement; and (b) the time period for appeal of the Judgment has been exhausted without any
19  appeals having been filed, or all such appeals have been voluntarily or involuntarily dismissed or
20  the appropriate appellate court or courts have entered a final judgment affirming the Order and
21  Judgment of the Court and the final judgment of such appellate court or courts is no longer subject
22  to any further appellate challenge or procedure. For purposes of determining the Effective Date,
23  the Parties agree that only the District Court and Ninth Circuit Court of Appeals have jurisdiction
24  over any such appeals, except for any appellate procedure over which the United States Supreme
25  Court may exercise jurisdiction. In the event an appeal is filed from the Order and Judgment, or
26  any other appellate review is sought prior to the Effective Date, administration of the settlement
27  shall be stayed pending final resolution of the appeal or other appellate review.

28

- 4 -

**SECOND AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE
UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

3.    <u>PAGA RELEASE</u>: Upon the Effective Date, the California Labor & Workforce Development Agency ("LWDA") and each of the Aggrieved Employees, as defined below, including Delgado, fully release and forever discharge their rights to bring any cause of action under the California Private Attorneys General Act predicated on the alleged violation of Labor Code section 201 for the time period of September 26, 2016 through March 1, 2019 (the "PAGA Period") against MarketSource, and its past or present parents, subsidiaries, and affiliated corporations, and their officers, directors, employees, partners, agents, insurers, and/or any other individual or entity which could be liable for the acts or omissions of MarketSource (hereinafter "Released Parties"). This Agreement solely releases PAGA claims predicated on alleged violations of Labor Code section 201 during the PAGA Period.

4.    <u>RELEASE AND 1542 WAIVER</u>: Delgado expressly waives any and all claims, known and unknown, through the Effective Date of this Agreement, arising from or relating to his Employment with the Released Parties, including any work he performed for the Released Parties. Delgado acknowledges that he is expressly waiving his right to bring any claims against the Released Parties, including but not limited to any claims concerning any aspect of his employment with the Released Parties, on an individual, class, collective, or representative basis. Delgado hereby waives the provisions of Section 1542 of the California Civil Code, which provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

5.    <u>PAYMENT OF PAGA PENALTIES</u>:

5.1.    No later than twenty-one (21) days after the Effective Date, MarketSource shall provide the Claims Administrator with a list of all Aggrieved Employees. The Aggrieved Employees List shall state the Aggrieved Employees' full names, contact information, and their dates of termination.

- 5 -

**SECOND AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

5.2.    In exchange for the PAGA release against the Released Parties and the additional release by Delgado, MarketSource agrees to pay a total gross settlement sum of Eighty-Three Thousand and Seventy-Five Dollars ($83,075.00) (the "PAGA Fund"), in accordance with the terms specified below, the following sums to Delgado and his counsel, the Aggrieved Employees, and/or the LWDA, as specified in Sections 5.3 to 5.6.

5.3.    Plaintiff's counsel shall be able to seek up to 25% of the PAGA Fund ($20,768.75) as attorneys' fees and up to ten thousand dollars ($10,000.00) as reimbursement of litigation costs incurred in connection with bringing the Lawsuit. Defendant agrees not to oppose any requests consistent with this paragraph.

5.4.    From the PAGA Fund, Defendant agrees to pay to Plaintiff up to a total of Five Thousand Dollars ($5,000) as additional compensation for the settlement of Plaintiff's individual claim, his prosecution of this case, the time and effort expended by him in doing so, and in consideration for the claims released herein. Defendant agrees not to oppose any requests consistent with this paragraph.

5.5.    The Parties agree to use Phoenix Settlement Administrators as a Claims Administrator. The Claims Administrator's fees shall be paid by MarketSource out of the PAGA Fund, and are estimated to be approximately Four Thousand Dollars ($4,000). Should the costs be lower than this amount, the residual funds left from the estimate shall be paid towards the PAGA Penalties in the amounts of 75% to the LWDA, and 25% to the Aggrieved Employees. Defendant agrees not to oppose any requests consistent with this paragraph.

5.6.    After payment of the amounts awarded for Plaintiff's counsel's fees and costs, Plaintiff's additional compensation, and the Claims Administrator's costs, the remaining amount, which is currently estimated to be approximately $36,306.25 (the "PAGA Penalties"), shall be paid to the LWDA and the Aggrieved Employees in satisfaction of all PAGA claims in the Lawsuit. Seventy-Five percent (75%) of the PAGA Penalties is to be paid to the LWDA and the remaining twenty-five percent (25%) shall be paid to the Aggrieved Employees on a pro rata basis. Any amounts not requested by Plaintiff or his counsel, or costs not expended by the Administrator, or not awarded by the Court shall not revert to MarketSource, but instead be

- 6 -

**SECOND AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE
UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

included in the PAGA Penalties to the LWDA and Aggrieved Employees, pursuant to the terms described herein. MarketSource agrees to fund the PAGA Fund established by the Claims Administrator within fourteen (14) days after the Effective Date ("Funding Date").

5.7.    The Claims Administrator shall distribute the above amounts to each respective recipient in accordance with the procedures specified herein no later than fourteen (14) days after the Funding Date. The amounts paid to each Aggrieved Employee shall be allocated 100% to penalties.

5.8.    The settlement checks issued to Aggrieved Employees shall remain valid for one hundred eighty (180) days. Thereafter, all uncashed checks shall escheat to the State of California. The payments to Aggrieved Employees shall be made under cover, substantially similar in content and form to the Aggrieved Employee Payment Cover Letter attached hereto as **Exhibit A**. Such mailing shall be conclusive evidence of payment and shall satisfy any and all due process requirements.

5.9.    MarketSource's monetary obligation under this Agreement is limited to the PAGA Fund. MarketSource shall not be called upon or required to contribute any additional monies above the PAGA Fund under any circumstances whatsoever. Under no circumstances will MarketSource be required to pay more than the PAGA Fund to obtain the relief (including, but not limited to, the PAGA Settlement, the PAGA Release, releases of claims, issuance of the Final Order and Judgment, and dismissal and release of the Representative PAGA Claim) provided in this Agreement and to fully and finally settle and resolve the Lawsuit. Notwithstanding the above, in the event that this Agreement is canceled, rescinded, terminated, voided, or nullified, in whole or in part, however that may occur, or the PAGA Settlement is barred by operation of law, or invalidated, or ordered not to be carried out by a court of competent jurisdiction, MarketSource will cease to have any obligation to pay any portion of the PAGA Fund to anyone under the terms of this Agreement, and all previous disbursements from the PAGA Fund (including, without limitation any LWDA PAGA Payment) will immediately be paid back to MarketSource by the person(s) and/or entity(ies) who received such disbursement.

- 7 -

**SECOND AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

6.     COURT APPROVAL: The Parties will seek to obtain the Court's approval of the payment of the amounts as described in this Agreement by way of an unopposed motion to be filed by counsel for Plaintiff by no later than August 27, 2019. The Parties will cooperate in seeking approval of the PAGA Settlement described in this Agreement. The Court's approval of the PAGA Settlement as described in this Agreement shall be embodied in a written Order. Should the Court not grant approval of this Settlement as described in this Agreement, then the entirety of this Agreement shall be null and void.

7.     REPRESENTATIONS AND WARRANTIES: In further consideration for payment of the PAGA settlement amounts, Delgado represents and warrants that he has the right and exclusive authority to execute this Agreement. Each Party to this Agreement also represents and warrants to, and agrees with, each other Party hereto as follows:

7.1.     Each Party has carefully read, and knows and understands the full contents of this Agreement and is voluntarily entering into this Agreement after having received independent legal advice from his or its attorneys with respect to the advisability of making the settlement provided for herein and the advisability of executing this Agreement.

7.2.     In executing this Agreement and in making the settlement provided for herein, no Party relies or has relied on any statement, representation, omission, inducement, or promise of any other Party (or any officer, agent, employee, representative, or attorney for any other Party), except as expressly stated in this Agreement.

7.3.     Each Party to this Agreement has investigated the facts relevant to this settlement and this Agreement, and all matters pertaining thereto, to the fullest extent that each Party deems necessary.

7.4.     Each separately numbered term of this Agreement is contractual, not merely a recital.

7.5.     Each of the Parties has participated in the drafting of all provisions of this Agreement, has had an adequate opportunity to read, review, and consider the effect of the language of this Agreement, and has agreed to its terms.

- 8 -
**SECOND AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE**
**UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

8.  <u>NOTICE TO LWDA</u>: Counsel for Plaintiff shall submit to the LWDA a copy of this Settlement at the same time that Plaintiff files his motion to approve this Settlement, in compliance with section 2699($l$)(2) of the California Labor Code.

8.1.  Counsel for Plaintiff shall submit to the LWDA a copy of the Final Order in this Action and a copy of any other order providing for or denying an award of civil penalties within ten (10) days after entry of the Final Order, in compliance with section 2699($l$)(3) of the California Labor Code.

9.  <u>CONTINGENCIES</u>: The Settlement embodied in this Agreement is contingent on: (i) issuance by the Court of a Final Order approving the PAGA Settlement, dismissing all of Delgado's claims with prejudice in their entirety; (ii) entry of the Final Order enforcing the terms of the Settlement; (iii) discharge of MarketSource and the Released Parties from liability for the PAGA Claims released by this Agreement; (iv) release of the representative PAGA Claims released by this Agreement against the Released Parties by Delgado, the State of California and all Aggrieved Employees; (v) release of all claims against MarketSource and the Released Parties by Delgado; (vi) submission of the Court's Final Order by Plaintiff's Counsel to the LWDA within ten (10) days of entry of the order pursuant to California Labor Code section 2699($l$)(3); and (vii) all parties bearing their respective fees and costs except as expressly provided in this Agreement.

10.  <u>CHOICE OF LAW</u>: The rights and obligations of the Parties and the Aggrieved Employees under this Agreement shall be construed and enforced in accordance with, and governed by, the laws of the State of California. California law shall govern the interpretation of this Agreement even if a choice of law analysis under state or federal law would dictate that another forum's law be applied. If any Party moves to enforce the terms of this Agreement, the prevailing Party in any such action shall be entitled to seek any and all attorneys' fees and costs incurred in connection with any such enforcement action.

11.  <u>COOPERATION</u>: Each Party, on behalf of themselves, and their respective business entities, heirs, executors, and assigns, agrees that they will abide by this Agreement and

- 9 -

**SECOND AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE
UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

1  will do all such acts, and prepare, execute, and deliver all such documents, as may be reasonably
2  required to carry out the stated objectives of this Agreement.

3      12.   SEVERANCE: If any provision of this Agreement is held to be invalid by a court
4  of competent jurisdiction, that provision shall be deemed severed and deleted from this
5  Agreement, and neither that provision nor its severance and deletion shall affect the validity of
6  the remaining provisions. Notwithstanding the foregoing, no portion of any release contained
7  herein may be deemed severed or deleted from this Agreement, except upon waiver in writing by
8  the applicable Released Party.

9      13.   NON-ADMISSION OF WRONGDOING: The Parties agree that this Agreement
10  does not constitute an admission by MarketSource or any of the Released Parties of any of the
11  matters alleged in the Lawsuit or of any violation by any of them of any federal, state or local
12  law, ordinance or regulation, or of any violation of any policy or procedure, or of any liability or
13  wrongdoing whatsoever. Neither this Agreement nor anything in this Agreement shall be
14  construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing
15  by Delgado, MarketSource, the Released Parties, or any of MarketSource's parents, subsidiaries,
16  divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys,
17  insurers, or employees.

18      14.   ADDITIONAL TERMS:

19      14.1.  This Agreement is binding upon, and shall inure to the benefit of, the
20  Parties hereto and their respective agents, employees, representatives, officers, directors, parents,
21  subsidiaries, assigns, heirs, executors, administrators, insurers, and successors in interest.

22      14.2.  Given that all Parties hereto had the opportunity to draft, review, and edit
23  the language of this Agreement, no presumption for or against any Party arising out of drafting
24  all or any part of this Agreement may be applied in any action relating to, connected to, or
25  involving this Agreement. Accordingly, the Parties hereby waive the benefit of any legal principle
26  or rule providing that, in cases of uncertainty, the language of a contract should be interpreted
27  against the Party who caused the uncertainty to exist.

28

- 10 -

**SECOND AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE
UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

DocuSign Envelope ID: 001CG785 E229 4B2B A87A 28924B3FC310

14.3.    If the Court should for any reason fail to approve the payment of PAGA penalties as described in this Agreement, then (a) this Agreement shall be considered null and void, (b) neither this Agreement nor any of the related negotiations or proceedings shall be of any force or effect, and (c) all Parties to this Agreement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court.

14.4.    This Agreement may be executed in counterparts. A signature by way of facsimile shall serve as an original for all purposes.

14.5.    Headings in this Agreement are included solely for convenience and shall not control the meaning or interpretation of any provision of this Agreement.

15.    <u>ENTIRE AGREEMENT</u>: This Agreement sets forth the entire agreement between the Parties hereto and fully supersedes any and all prior and/or supplemental understandings, whether written or oral, between the Parties concerning the subject matter of this Agreement. Delgado acknowledges that he has not relied on any representations, promises or agreements of any kind made to them in connection with their decision to accept the terms of this Agreement, except for the representations, promises and agreements herein. Any modification to this Agreement must be in writing and signed by Delgado and an authorized officer of MarketSource.

**IN WITNESS WHEREOF**, the undersigned Settling Parties and their duly-authorized representatives accept and agree to the terms of this Agreement and hereby execute it voluntarily and with a full understanding of its consequences.

DATED: _8/27/2019_____        **PLAINTIFF RAY DELGADO**

*Ray Delgado*
—87C9627E559B432...
Plaintiff Ray Delgado

/ / /

/ / /

/ / /

- 11 -
**SECOND AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

1    ///

2    ///

3    ///

4

5    DATED: 8/28/19                    **DEFENDANT MARKETSOURCE, INC.**

6

7

8

9                                      Irvin Drummond
                                        Please Print Name of Authorized Signatory

10

11                    **APPROVED AND ACKNOWLEDGED**

12

13

14    DATED: _____          **DIVERSITY LAW GROUP, P.C.**

15

16                                      Larry W. Lee
                                        Attorneys for Plaintiff and the Aggrieved
17                                      Employees

18    DATED: _____          **POLARIS LAW GROUP, P.C.**

19

20                                      William L. Marder
21                                      Attorneys for Plaintiff and the Aggrieved
22                                      Employees

23    DATED: 8/9/19                     **EPSTEIN BECKER & GREEN, P.C.**

24

25                                      Michael S. Kun
                                        Attorneys for Defendant
26

27

28

- 12 -
**SECOND AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE
UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

1
2   DATED: _____        **DEFENDANT MARKETSOURCE, INC.**

3
4                                  _____

5
6                                  _____
                                   Please Print Name of Authorized Signatory

7
8                      **APPROVED AND ACKNOWLEDGED**

9
10  DATED: _8/27/19___             **DIVERSITY LAW GROUP, P.C.**

11
12                                 _____
                                   Larry W. Lee
13                                 Attorneys for Plaintiff and the Aggrieved
                                   Employees
14  DATED: _8.27.2019__            **POLARIS LAW GROUP, P.C.**
15
16                                 _____
                                   William L. Marder
17                                 Attorneys for Plaintiff and the Aggrieved
                                   Employees
18
19
20  DATED: _____        **EPSTEIN BECKER & GREEN, P.C.**

21
                                   _____
22                                 Michael S. Kun
                                   Attorneys for Defendant
23
24
25
26
27
28
                              - 12 -
**SECOND AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE**
**UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**